IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FRANK GAYDOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-23 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Frank Gaydos ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Respondent has filed a Motion to Dismiss, (Dkt. No. 12), to which Petitioner has responded, (Dkt. No. 15). After considering the parties' arguments, the record, and the applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DENIED**.[1]

### Factual Background

Petitioner is serving a 25-year prison sentence for committing murder with a deadly weapon. (Dkt. No. 12, Ex. A). Petitioner does not challenge his conviction, so any appeals or collateral challenges are not relevant to Petitioner's petition. Petitioner does, however, challenge two disciplinary proceedings, case numbers 20070340033 and 20070354503.

A disciplinary hearing was held in case number 20070340033 on August 9, 2007, and a hearing was held in case number 20070354503 on August 21, 2007. (DHR at 1 & 13). After

---

[1] Also pending is Petitioner's Motion to Compel Respondent Thaler to Comply with Order and Brief in Support. (Dkt. No. 14). In that motion, Petitioner notes that Respondent failed to forward certain documents to Petitioner. Because the Court finds that Petitioner's petition is time barred, that motion is **DENIED AS MOOT**.

both hearings, a disciplinary hearing officer ("DHO") found Petitioner guilty of the disciplinary offense of threatening harm on an officer or any person who is not an offender. (*Id.* at 1, 7, 13 & 25).

In response to both disciplinary cases, Petitioner filed step one and step two grievances for his proceedings, but TDCJ officials determined that his grievances were not warranted by November 6, 2007. (DGR at 1-4, 9-12). Petitioner sufficiently exhausted his state court remedies. (*Id.* at 1-4, 9-12). Petitioner filed the instant petition on March 24, 2010, (Dkt. No. 1 at 9), in which he alleges his due process rights were violated during his disciplinary cases. (*Id.* at 7).

## Statute of Limitations

Petitioner filed his federal habeas petition on March 24, 2010. (Dkt. No.1 at 9); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996, effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). The AEDPA provides a one-year limitations period for filing federal habeas petitions. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by

2

>State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's allegations relate to disciplinary hearings. Therefore, § 2244(d)(1)(D), which uses the factual predicate date, is the most relevant provision for determining Petitioner's limitations periods. (Dkt. No. 1 at 7); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (applying § 2244(d)(1)(D) to prison disciplinary proceeding with the factual predicate date being the date the hearing took place). Petitioner's limitations periods started on the date of his disciplinary hearings, which were August 9, 2007, for case number 20070340033 and August 21, 2007, for case number 20070354503. (DHR at 1, 13). Accordingly, without accounting for statutory tolling, Petitioner's limitations periods would have expired one year later, on August 11, 2008,[2] and August 21, 2008, respectively.

However, the "timely pendency of prison grievance procedures" toll the one-year period.

---

[2] August 11, 2008, is the presumptive expiration date for case number 20070340033 because Federal Rule of Civil Procedure 6(a) governs the computation of federal statutory periods of limitation. *See Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Rule 6(a)(1) provides that "if the last day [of a period] is a Saturday, Sunday, or legal holiday, that period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." August 9, 2008, fell on a Saturday.

*Kimbell*, 311 F.3d at 364.  In case number 20070340033, Petitioner's grievances were pending for a total of 56 days, extending the limitations expiration date to October 6, 2008.[3]  (DGR at 9-12).  In case number 20070354503, Petitioner's grievances were pending for a total of 34 days, extending the limitations expiration date to September 24, 2008.[4]  (*Id.* at 1-4).

Because Petitioner does not present a statutory basis for tolling, his petition will be time barred unless he has set forth a proper basis upon which equitable tolling can lie.  As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted).  Ignorance of the law or excusable neglect is not a justification for equitable tolling.  *Fierro*, 294 F.3d at 682; *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance sufficient to support equitable tolling).

---

[3] Petitioner's step one grievance was pending from August 20, 2007, to September 18, 2007, (29 days), and his step two grievance was pending from October 10, 2007, to November 6, 2007, (27 days).  (DGR at 9-12).

[4] Petitioner's step one grievance was pending from September 4, 2007, to September 25, 2007, (21 days), and his step two grievance was pending from October 16, 2007, to October 29, 2007, (13 days).  (DGR at 1-4).

Petitioner appears to argue that he is entitled to equitable tolling because he "attempted numerous times after" November 6, 2007, to seek administrative review. (Dkt. No. 15 at 6). While Petitioner claims he sought administrative review of his disciplinary proceedings "all the way up to the filing of this petition," (*Id.*), he has not made a showing of any extraordinary circumstances that prevented him from filing his federal petition earlier. The date Petitioner's step two grievance was denied is the relevant date for determining the tolling period under the AEDPA's limitations period, as that is the "prison grievance procedure" in place. *Kimbrell*, 311 F.3d at 364 ("[T]he timely pendency of prison grievance procedures would have tolled the one-year period."). Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of

appealability in this action.

## Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion to Dismiss (Dkt. No. 12) is **GRANTED**.

2. Petitioner's Motion to Compel (Dkt. No. 14) is **DENIED.**

2. This action is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

It is so ORDERED.

Signed this 10th day of September, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE